John **RONDOLINO**, Plaintiff,

v.

The **NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,** Defendant.

No. 92–321–CIV–T–17B.

United States District Court, M.D. Florida, Tampa Division.

July 22, 1993.

William Francis Rutger, Law Office of William Rutger, Clearwater, FL, for plaintiff.

John R. Dawson, James M. Caragher, Foley & Lardner, Milwaukee, WI, James Maxwell Landis, Foley & Lardner, Tampa, FL, Robert A. Freyer, Shutts & Bowen, Orlando, FL, Terri L. Gillis, Law Office of Terri L. Gillis, Tampa, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO REOPEN CASE AND PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

KOVACHEVICH, District Judge.

This action is before this Court on Defendant's motion to reopen Case No. 92–321–CIV–T–17B, Docket # 23, filed February 25, 1993. Plaintiff filed a motion to enforce the settlement, Docket # 25, filed March 1, 1993, which Defendant responded to, Docket # 28, filed March 13, 1993. For the foregoing reasons, this Court shall **reopen** Case No. 92–321–CIV–T–17B.

### FACTS

Plaintiff is seeking damages from Defendant for its alleged failure to properly pay benefits under separate disability policies issued by Defendant to Plaintiff. Plaintiff is also seeking a declaration as to his rights under a life insurance policy issued by Defendant. In total, there are three separate cases pending in Federal Court concerning these matters. There has been no consolidation of these actions.

In an attempt to negotiate a settlement, the parties entered extensive negotiations. On November 24, 1992, the parties attended a settlement conference in which many of the issues were discussed. There is disagreement as to what issues were not agreed upon and to the significance of those issues in resolving this matter. Both parties, however, do agree that a total sum of money to be paid to the Plaintiff was determined that day. Furthermore, it was decided on that day it was the responsibility of the Plaintiff to choose the breakdown of the amount of settlement. Defense counsel notified the Court that Defendant believed all three cases would be settled and the cases were dismissed subject to reopening.

Subsequent to the settlement proceedings, several drafts of a proposed settlement agreement were sent back and forth between counsel for Plaintiff and Defendant. Plaintiff alleges that he discussed and agreed with Defendant that it would be easier if Plaintiff completed separate agreements for each of the three cases along with a fourth agreement relating to matters that needed to be addressed that were not addressed at the settlement proceeding. On December 29, 1993, Plaintiff completed and signed the first three settlement agreements relating to the above three captioned cases. Defendant agreed to and signed the first two settlement agreements but refused to sign the third. Of the total compensation to the Plaintiff of $850,000, $747,512 was contained in the third agreement.

### DISCUSSION

■ It is well settled that "settlement agreements are to be interpreted by and are governed by the same principles of law interpreting and governing contracts." *Gaines v. Nortrust Realty Management, Inc.,* 422 So.2d 1037, 1039 (Fla. 3d DCA 1982). The party seeking to establish assent by the opposing party to the settlement has the burden of proving such assent. *Dania Jai–Alai Palace, Inc. v. Sykes,* 495 So.2d 859, 862 (Fla. 4th DCA 1986). Though every detail need not be solidified in order to be enforceable,

the parties "must reach mutual agreement on every essential element of the proposed settlement." *Gaines,* 422 So.2d at 1040.

It must be noted that this case is only part of a larger dispute between the parties. There are three related actions pending in Federal Court between the parties that have not been consolidated. Consequently, this Court can only rule with regard to the third settlement agreement since only that agreement concerns Case No. 92–321–CIV–T–17B.

■ It is not disputed that the Plaintiff has assented to the settlement agreement. It was drafted by Plaintiff and a signed copy was forwarded to counsel for Defendant. The question that must be answered is whether Defendant consented to the terms of the settlement agreement.

■ The fact that Defendant signed the first two settlement agreements does not bind the Defendant to the third. Each one of the first three settlement agreements pertain to separate cases. Plaintiff, in drafting the settlement agreements, could have made execution of the first two agreements contingent on the execution of the third. This was certainly feasible since Plaintiff, in drafting the fourth settlement agreement, made its execution contingent on the execution of the first three agreements. (See Settlement Agreement # 4, Exhibit D attached to Docket # 23, Complete Release A). Therefore, the execution of the third agreement was completely independent from the other agreements.

Plaintiff claims that a binding agreement was reached at the settlement conference. The conference occurred on November 24, 1993. Between the time of the conference and the date the signed settlement agreements were sent to Defendant, December 29, 1992, drafts of an agreement continued to go back and forth between the parties. For example, Defendant first drafted an agreement that the Plaintiff found unacceptable because it contained language that was not discussed in the settlement conference. Plaintiff rejected that version and drafted a new copy. Defendant took no action on that version and later notified Plaintiff of a new agreement Defendant had drafted. This

agreement again was rejected by Plaintiff. Plaintiff later contacted Defendant directly and agreed that Plaintiff would draft individual agreements for each case, plus a fourth agreement concerning other matters. This constant exchange of agreements is evidence that a final agreement on terms was not reached at the settlement conference. Not only did terms change as these agreements were drafted, but the style of the agreements were modified.

Additionally, the transcript of the conference indicates that there were still some unanswered questions. Defendant's counsel stated there were still people who needed to be consulted concerning the amounts designated for certain damages. (Transcript Settlement Agreement, p. 7, line 20.) Defendant's counsel stated, with regards to the setoffs, "we will work with you on these points." (Transcript Settlement Agreement p. 8, line 5.) The Plaintiff's own attorney said he would have to research the matter further. The setoff does appear to be an essential element to the settlement that was not agreed upon at the time of the conference. Thus the terms of the settlement were not so solidified at the conference as to create a binding agreement.

Plaintiff also contends that the terms of the three agreements were essentially the same and that acceptance of the first two agreements meant the acceptance of the terms of the third. However, the Court concludes that each of these agreements are separate and distinct. Additionally, the types of releases and terms may well vary between a $50,000 settlement and a $750,000 settlement. The fact that Defendant accepted substantially similar terms in one agreement does not mean that it must accept those same terms in a separate matter.

In conclusion, this Court finds that this agreement is separate and distinct from the previous two agreements and the execution of the first two agreements does not bind Defendant to execute the third agreement.

Accordingly it is

**ORDERED** that Defendant's motion to reopen Case No. 92–321–CIV–T–17B be **granted.**

**ORDERED** that Plaintiff's motion to enforce the settlement agreement regarding Case No. 92–321–CIV–T–17B be denied.

**DONE AND ORDERED.**